UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————X

STATE OF NEW YORK, THE NEW YORK
STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, and JOSEPH MARTENS, as
Commissioner of Environmental Conservation,

                        Plaintiffs,

                        **CONSENT DECREE**

         -against-

                        Civil Action No. 3:12-CV-1010
                                        [GLS/DEP]

CAE USA, Inc.,

                        Defendant.
———————————————————————X

        Plaintiffs, the State of New York, the New York State Department of Environmental Conservation ("DEC"), and Joseph Martens, as Commissioner of Environmental Conservation (collectively referred to as "the State"), and Defendant CAE USA, Inc. ("CAE"), a corporation organized and existing under the laws of the State of Delaware, represent as follows:

        1.     The State filed a complaint in this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. § 9601 et seq. ("CERCLA"), and the New York common law of public nuisance and restitution, for injunctive relief and to recover all response costs, not previously reimbursed by CAE, incurred and to be incurred by the State in responding to the release of hazardous substances, principally trichloroethene ("TCE"), released from CAE's predecessors' in interest former manufacturing facilities located in the Town of Fenton, Broome County, New York (the "CAE Site" or "Site").

which hazardous substances, principally trichloroethene ("TCE"), have migrated from the Site, in a plume(s) of contaminated groundwater, into and under the adjoining Hillcrest neighborhood. A copy of the Complaint is attached hereto as Exhibit A.

    2.    The Complaint alleges, in part, that:

        A.    In 1998, CAE implemented a remedy, selected by DEC in a March 1994 Record of Decision ("ROD"), for on-Site contamination pursuant to the requirements of an administrative order issued on February 29, 1996 by DEC with the consent of CAE ("1996 Consent Order"). The 1996 Consent Order also obligated CAE, as provided in the ROD, to conduct long term monitoring of groundwater contaminated with hazardous substances, e.g., chlorinated solvents, principally TCE, which had migrated from the Site towards and under the Hillcrest neighborhood. The 1996 Consent Order reserved DEC's right to seek additional relief from CAE in the event that the remedial measures being implemented under the Order were insufficient to protect human health and the environment. CAE completed the remediation requirements set forth in the 1996 Consent Order.

        B.    On or about 2004 DEC found that the hazardous substances, principally TCE, released in whole or in part from the CAE site were vaporizing into and from the soil and groundwater and entering residential housing and businesses located in the Hillcrest neighborhood, through a process known as soil vapor intrusion ("SVI").

  C. DEC utilizing state funds, installed sub-slab depressurization systems ("SSDS") in numerous residential homes and businesses to prevent or minimize human exposure to TCE. DEC also undertook, again utilizing state funds, an environmental investigation to determine the nature and extent of the TCE/SVI

  D. The State has incurred approximately $2,483,995 in response costs that are not inconsistent with the National Contingency Plan (40 C.F.R. Part 300) for, inter alia, the groundwater, soil and vapor environmental investigation necessitated by the TCE vapor intrusion into the Hillcrest neighborhood, and installation of 121 SSDS in residential housing and businesses. The State continues to incur costs for ongoing operation and maintenance of the existing SSDS and may incur additional costs in installing and operating additional SSDS.

  E. On March 2, 2010, DEC and CAE entered into an administrative order on consent ("2010 Consent Order") wherein CAE agreed to undertake a remedial alternatives feasibility study. Under the 2010 Consent Order CAE also agreed to pay the State $300,000 in partial satisfaction of the State's claims for past response costs incurred by the State in response to the release of hazardous substances which payment CAE made in June 2010.

3. The Complaint seeks judgment against CAE for all response costs incurred and to be incurred by the State, less the monies previously reimbursed by CAE, in responding to the release of hazardous substances, principally TCE, via SVI in the Hillcrest neighborhood that

have migrated and are migrating via groundwater from the CAE Site and to enjoin CAE to operate and maintain the SSDS that have been installed to-date and to design, implement, operate and maintain such additional remedial measures including SSDS, approved by DEC, as necessary to protect human health and the environment.

4. CAE asserts that:

(a) Other parties who owned and operated industrial sites in the vicinity of the CAE Site are primarily responsible for the SVI found in the Hillcrest neighborhood;

(b) the highest levels of soil vapor contamination are in the vicinity of these adjacent industrial properties and are not related to the CAE Site;

(c) the chemical composition and location of the SVI plume indicates that the primary source of the plume is in the vadose zone.

5. In order to avoid the expense and uncertainty of prolonged litigation, the State and CAE have agreed to settle and resolve the State's claims against CAE under the terms and conditions set forth below. The State has also determined that the settlement of this case is in the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

## PURPOSE OF CONSENT DECREE

6. This Consent Decree resolves all claims for relief (hereinafter "claims") asserted in the Complaint. This Decree provides for the payment of moneys which represent, under the facts and circumstances of this case, a fair and reasonable settlement by CAE for the past response costs incurred by the State in responding to the release of hazardous substances from the Site into the environment of the Hillcrest neighborhood, and for future costs of operation and maintenance of the response measures implemented by the State, as alleged in the Complaint.

## DISCLAIMER OF ADMISSIONS

7. Nothing in this Consent Decree shall constitute, or be construed as, any evidence or admission of liability or responsibility or fact, nor shall consent to the entry of this Decree be deemed an admission by CAE of any of the allegations of the Complaint nor shall such consent be deemed an admission by the State of CAE's assertion set forth in paragraph 4, above.

## PARTIES BOUND

8. This Consent Decree shall apply to and be binding upon the State and upon CAE. Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Consent Decree and to bind the party represented by him or her.

## SETTLEMENT TERMS

9. CAE shall pay to the State $560,000 within 30 days after the entry of this Consent Decree by the Court or by April 10, 2012, whichever is later. Of that total amount, $500,000 is allocated for past response costs and $60,000 is allocated for future operating and maintenance costs.

10. The payment required by paragraph 9, above, shall be made by certified check, payable to "The State of New York" and sent by overnight delivery service to James C. Woods, Assistant Attorney General, New York State Department of Law, Environmental Protection Bureau, The Capitol, Albany, New York, 12224.

## RELEASE AND COVENANT NOT TO SUE

11. In consideration of CAE's obligations hereunder and conditioned upon CAE's full satisfaction of those obligations, the State releases CAE, its predecessor corporation(s), its shareholders in their capacity as shareholders, parent corporation, CAE Inc., their directors,

officers, employees, agents representatives, shareholders in their capacity as shareholders and assigns subject to the provisions in paragraph 16 below, and the last sentence of this paragraph, from any and all claims seeking the implementation of additional investigations and/or remedial measures or reimbursement for the costs incurred by the State to implement such investigations and/or remedial measures that the State may now or in the future have against CAE arising from or related to CAE's or its predecessors in interest past disposal of hazardous substances at the CAE Site. The State further releases CAE from any obligations under the 1996 and 2010 consent orders (attached hereto as Exhibits B and C, respectively) with respect to any such additional investigations and/or remedial measures and/or related costs incurred by the State. Any other obligations of CAE under the 1996 and 2010 consent orders including obligations relating to groundwater monitoring remain unaltered and in effect.

12. In consideration of the release provided by the State, CAE covenants not to sue and agrees not to assert any claims or causes of action whatsoever which may exist now or in the future against the State or its departments, agencies or authorities related to the Site.

## DISMISSAL OF CLAIMS

13. The State dismisses with prejudice all claims in its Complaint against CAE.

## CONTRIBUTION PROTECTION

14. CAE is entitled, as of the effective date of this Consent Decree, to full and complete protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree. Furthermore, subject to the provisions in paragraph 12, above, and to the extent authorized under 42 U.S.C. § 9613(f)(3)(B), CAE is entitled to seek contribution from any person except those who are entitled to contribution protection under 42 U.S.C. § 9613(f)(2).

## EFFECT ON LIABILITY OF OTHER PARTIES

15. Nothing contained in this Consent Decree shall be construed as barring, adjudicating, or in any way resolving any claim, cause of action, right or defense that the State or CAE may have under state or federal law as against any person, firm, corporation, or entity that is not a signatory to this Consent Decree ("third party"), including without limitation, actions by the State to recover the balance of the State's past and future response costs and for the injunctive relief asserted in this action but not recovered or obtained pursuant to this Consent Decree. The State and CAE expressly reserve as against any third party any such claims, causes of action, rights and defenses.

## RESERVATION OF RIGHTS

16. Notwithstanding any contrary provisions in paragraph 11, above, but subject to the provisions of paragraphs 6 and 13, above, the State reserves, and this Consent Decree is without prejudice to, the right of the State to institute legal actions under federal or state law, including the common law, in any court of competent jurisdiction or to institute administrative proceedings seeking to compel CAE:

> (a) to perform further remedial actions relating to the release of hazardous substances at or from the CAE Site including the migration of such hazardous substances via groundwater to areas off the CAE Site caused in whole or in part, by CAE or its predecessors in interest, or (b) to reimburse the State for the costs of response in undertaking such work, provided further that such remedial actions and /or response costs referred to in (a) and (b) above arise from or are related to either :

(i) conditions at or related to the CAE Site caused in whole or in part by CAE or its predecessors in interest, which were unknown to the State, as of the Effective Date, including but not limited to those conditions revealed by additional or subsequent groundwater monitoring and evaluations showing an impact or threat of impact on public water supply wells and/or TCE concentrations at levels substantially higher than comparable sample results obtained over the past 18 years, or

(ii) A written finding by the DEC that a change in a statewide environmental standard, factor, or criterion upon which the Record of Decision was based, renders the remedial program implemented at the CAE Site no longer protective of public health or the environment.

17. CAE reserves all defenses it may have to any such future action or administrative proceeding brought by the State.

## COMPLETE AGREEMENT

18. The terms of this Consent Decree shall constitute the complete and entire agreement between the State and CAE. No term, condition, understanding or agreement purporting to modify or vary the terms hereof shall be binding unless made in writing and subscribed by the parties to be bound and approved by the Court. In the event that the Court rejects this Consent Decree in whole or in part then the agreement shall be null and void and of no effect and the State may withdraw the Complaint without prejudice.

## EFFECTIVE DATE

19. This Consent Decree shall become effective when it is entered by the Clerk of the Court.


**SO AGREED:**

|  |  |
|---|---|
|  | ERIC T. SCHNEIDERMAN<br>Attorney General of the State of New York<br>Attorney for Plaintiffs |
| Date: 0/14/12 | By: *[signature]*<br>JAMES C. WOODS (102843)<br>Assistant Attorney General<br>New York State Department of Law<br>Environmental Protection Bureau<br>The State Capitol<br>Albany, New York 12224<br>(518) 486-8481 |
| Date: | CAE USA, Inc.<br>By: *[signature]*<br>David C. Allmand, Esq., Secretary<br>4908 Tampa West Blvd<br>Tampa, Florida 33634<br>(813) 887-1424 |

**SO ORDERED:**

*[signature]* Gary L. Sharpe
U.S.D.J.

Dated: July 24, 2012